1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9   Melinda Gabriella Valenzuela,              No.  CV 19-05162-PHX-MTL (MHB)

10                          Plaintiff,

11  v.                                          **ORDER**

12  Jason Monson, et al.,

13

14                          Defendants.

15

16         On September 12, 2019, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined

17  in the Arizona State Prison Complex-Florence, filed a "Motion for Leave to File Pursuant

18  to Court Order," lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, and

19  filed an Application to Proceed In Forma Pauperis.  On September 12 and 13, and October

20  3 and 11, 2019, Plaintiff filed Motions to File Exhibits Under Seal and attached relevant

21  exhibits.   In a December 23, 2019 Order, the Court granted the Motion to File, the

22  Application to Proceed In Forma Pauperis, and the Motions to File Exhibits Under Seal;

23  directed the Clerk of Court file the Complaint; and dismissed the Complaint with leave to

24  amend.

25         On January 29, 2020, Plaintiff filed a Motion for Leave to File Amended

26  Complaint and a First Amended Complaint.  On February 13, 2020, Plaintiff filed a Motion

27  _____

28         [1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez,
    Enrique Mendez-Valenzuela, and Quennell Glover.  Plaintiff is biologically male, but
    identifies as female and uses feminine pronouns to reference herself.

for Emergency Removal and an "Expedited Motion for Emergency Injunction." In a March 2, 2020 Order, the Court granted the Motion for Leave to File, dismissed the First Amended Complaint with leave to amend, and denied the Motions for Emergency Removal and Emergency Injunction.

On March 31, 2020, Plaintiff filed a Motion for Leave to File (Doc. 34) and lodged a Second Amended Complaint (Doc. 35). Plaintiff has also filed a March 5, 2020 Motion to file Medical Notes Under Seal (Doc. 24); March 5, 2020 Motion to File Copies of Death Threats Under Seal (Doc. 26); March 5, 2020 Motion to Allow Subpoena (Doc. 28) and Motion to Issue Subpoena (Doc. 29); March 17, 2020 Motion for Temporary Restraining Order (Doc. 30); March 19, 2020 Motion for Temporary Restraining Order (Doc. 31); March 31, 2020 Motion to File Documents Under Seal (Doc. 32); and April 1, 2020 Motion for Removal (Doc. 36).

The Court will grant the Motion for Leave to File; direct the Clerk of Court to file the Second Amended Complaint; dismiss the Second Amended Complaint with leave to amend; and give Plaintiff 30 days to file a third amended complaint. The Court will resolve the remaining pending Motions as discussed below.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    Second Amended Complaint

Plaintiff names 37 Defendants in her three-count Second Amended Complaint and seeks money damages and injunctive relief.

In Count One, Plaintiff claims that from April 2019 to present, Plaintiff "has been sexually assaulted by Angeles, Montgomery, Alvarez in June 2019, July 2019, August 2019 and she reported it to DW Monson, ADW Evans, ADW, Jensen, Warden Van Winkle,

DW Coleman, and they did not do anything about the assaults at all." Plaintiff states she "personally wrote" to Defendants Monson, Evans, and Jensen and "they did not respond to her[;] they simply ignored her." Plaintiff further claims she was "sexually assaulted harassed by CO II Miller, Sgt. Medley, Sgt. Reyes, Sgt. Rodriguez, ADW Jensen, ADW Evans and DW Monson did nothing to prevent or protect her when she personally told him of assaults." Plaintiff also claims she did not receive proper medical care after the assaults. Plaintiff states she suffered injuries to her back, legs, head, face, eyes, jaw, "rectal and other areas," and stomach, as well as emotional and mental anguish.

In Count Two, Plaintiff alleges that from April 2019 to present, she has told Defendants Monson, Jensen, Hutneck, Van Winkle, Barnes, Gurrola, Suekle, Coleman, Renault, Repp, Kelly, and Ordaz "that she was threatened with bodily harm by [another inmate] in 2019 who said he was gonna beat her down & smash her." Plaintiff asserts Defendants Monson, Van Winkle, Jensen, and Coleman "did not protect her, the assaults happened and they denied her protection and care." Plaintiff states she constantly fears for her safety.

In Count Three, Plaintiff alleges that from January 2016 to present, she "has been assaulted by DOC staff CO II Goodman, Miller, Jones, Chavez, Lewis, Velasquez, Castillo, Reyna, Moses, Galvan, Pascarelli, Garcia, Ordaz, Kelly, Castro, Repp, Medley, Gurrola, Renault, Coleman, Suekle, Jensen, [and] Evens." Plaintiff further alleges "these staff sexually assaulted her in 2019 October to present and in July 2018 to April 2019." Plaintiff contends she "personally told DW Monson, VanWinkle, Barnes, Shinn[,] and they said 'that is what she gets for all her lawsuits & PREAS." Plaintiff claims "they don't care if she is hurt & as long as she doesn't die they can care less." Plaintiff state the "assaults continue to take place to this day[,] causing bodily injury and could possibly cause death."

## III. Failure to State a Claim

A prison official violates the Eighth Amendment in failing to protect one inmate from another only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must

result in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must *both* be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 839 (emphasis supplied).

Plaintiff has not alleged sufficient facts to show that each of the 37 named Defendants was deliberately indifferent to a substantial risk of serious harm to Plaintiff. Plaintiff alleges "they," or large groups of defendants, "did nothing," without any factual specificity as to what any particular Defendant did or failed to do. This is insufficient. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

Further, Plaintiff does not allege specific dates of assaults by other inmates, the dates on which she reported to the assaults, and what, if any, response each of the 37 Defendants provided. Plaintiff's allegations that she told groups of Defendant about "threats" and "they" did nothing, is not sufficient to state an Eighth Amendment claim.

To the extent Plaintiff alleges she was sexually assaulted by large numbers of ADC staff, the Court finds her claims implausible in light of her significant history of filing unsubstantiated sexual assault claims in this Court.[2]

---

[2] *See* CV 02-02385-PHX-JAT (DKD); CV 02-02166-PHX-JAT (DKD); CV 03-

1   Accordingly, Plaintiff has failed to state a claim in the Second Amended Complaint.

2   **IV.   Leave to Amend**

3          For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed

4   for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

5   submit a third amended complaint to cure the deficiencies outlined above.  The Clerk of

6   Court will mail Plaintiff a court-approved form to use for filing a third amended complaint.

7   If Plaintiff fails to use the court-approved form, the Court may strike the third amended

8   complaint and dismiss this action without further notice to Plaintiff.

9          Plaintiff must clearly designate on the face of the document that it is the "Third

10  Amended Complaint."  The third amended complaint must be retyped or rewritten in its

11  entirety on the court-approved form and may not incorporate any part of the original

12  Complaint or prior Amended Complaints by reference.  Plaintiff may include only one

13  claim per count.

14         In each count, Plaintiff must write short, plain statements telling the Court:

15             (1)     the constitutional right Plaintiff believes was violated;

16             (2)     the name of the Defendant who violated the right;

17

---

18  00371-PHX-JAT (DKD); CV 02-02007-PHX-JAT (DKD); CV 03-01479-PHX-JAT
    (DKD); CV 05-01092-PHX-JAT (DKD); CV 07-00207-PHX-JAT (DKD); CV 08-01773-
19  PHX-NVW (MHB); CV 09-01832-PHX-NVW (MHB); CV 09-02544-PHX-NVW
    (MHB); CV 09-01427-PHX-NVW (MHB); CV 09-01833-PHX-NVW (MHB); CV 10-
20  02721-PHX-NVW (MHB); CV 11-02403-PHX-NVW (MHB); CV 15-00158-PHX-NVW
    (MHB); CV 15-00722-PHX-NVW (MHB); CV 16-00683-PHX-NVW (MHB); CV 17-
21  01582-PHX-DLR (MHB); CV 17-02089-PHX-DLR (MHB); and CV 17-02716-PHX-
    DLR (MHB).
22

23         In CV 09-1832-PHX-NVW (MHB), the Court granted summary judgment for
    Defendants because Defendants presented evidence demonstrating that they investigated
24  each alleged incident of rape reported by Plaintiff, found each claim to be unsubstantiated,
    and submitted records of medical examinations showing that Plaintiff did not suffer any of
25  the injuries alleged in her Complaint.  More importantly, Plaintiff herself acknowledged in
    writing that her allegations were false.  *See* Doc. 114 in CV 09-1832, at 6-7.

26         In CV 09-2544-PHX-NVW (MHB), the Court granted summary judgment for
27  Defendants after finding that Plaintiff knowingly and willfully submitted a false affidavit
    in support of her claim that she was raped.  *See* Doc. 76 in CV 09-2544.
28
           In CV 15-00158-PHX-NVW, the case proceeded to trial, after which the jury found
    against Plaintiff and in favor of Defendants.

(3)     exactly what that Defendant did or failed to do and on specific dates;

(4)     how the action or inaction of that Defendant violated Plaintiff's constitutional rights; and

(5)     what specific injury Plaintiff suffered because of that Defendant's conduct.

*See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for **each** person she names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Allegations that group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Further, Plaintiff may not simply submit copies of her grievances with the expectation that the Court will sort through them for specific facts such as when she reported assaults and to which Defendant. Plaintiff must clearly provide this information in the body of the third amended complaint. *See Ferrell v. Durbin*, 311 Fed. App'x 253, 259 (11th Cir. 2009) ("Neither this Court nor the district court is required to parse the complaint searching for allegations . . . that could conceivably form the basis of each of Appellants' claims."); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991))).

A third amended complaint supersedes the original Complaint and prior Amended Complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and prior Amended Complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or a prior Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a third amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V. Motions

### A. Motions for Leave to File Under Seal

In her Motions filed at Documents 24, 26, and 32, Plaintiff seeks to file medical records, death threats, and grievances under seal. Plaintiff contends the medical records are subject to privacy protections and the death threats and grievances should be filed under seal to protect her from threats by other inmates. The Court will grant the Motions and require the Clerk of Court to file the lodged documents under seal.

### B. Motions for Subpoenas

Plaintiff seeks subpoenas to require ADC officials to provide copies of video from Plaintiff's housing area. These motions are essentially requests for discovery and, because Defendants have not yet been served or filed an answer, are premature. The Court will deny the Motions (Docs. 28 and 29).

### C. Motions for Temporary Restraining Orders and Removal

In her Motions for Temporary Restraining Order, Plaintiff seeks an Order prohibiting specific detention officers from working in her unit. In her Motion for Removal, Plaintiff asks to be transferred out of the Florence facility; this is essentially a request for preliminary injunction relief.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Whitman v. Hawaiian Tug & Barge Corporation/Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 21 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Because the Second Amended Complaint will be dismissed, Plaintiff has failed to

demonstrate she is likely to succeed on the merits of her claims. The Court will therefore deny the Motions for Temporary Restraining Order and Motion for Removal.

## VI. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of the filing fee within 120 days of her release or (2) file a *non*-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Possible "Strike"

Because the Second Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d

at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motions to Seal (Docs. 24, 26, and 32) are **granted**. The Clerk of Court must file under seal the documents associated with each of these Motions.

(2)     Plaintiff's Motions for Subpoena (Docs. 28 and 29) are **denied**.

(3)     Plaintiff's Motions for Temporary Restraining Order (Docs. 30 and 31) and Motion for Removal (Doc. 36) are **denied**.

(4)     Plaintiff's Motion for Leave to File (Doc. 34) is **granted**. The Clerk of Court must file lodged Second Amended Complaint.

(5)     The Second Amended Complaint (Doc. 35) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.[3]

(6)     If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(7)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 8th day of April, 2020.

*Michael T. Liburdi*
_____
Michael T. Liburdi
United States District Judge

---

[3] Because Plaintiff has been granted leave to amend, she **need not file** a motion for leave to file a third amended complaint.

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form**.   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

Phoenix & Prescott Divisions:    **OR**    Tucson Division:
U.S. District Court Clerk                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                   U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona   85003-2119                Tucson, Arizona   85701-5010

7.  <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
        A certificate of service should be in the following form:

            I hereby certify that a copy of the foregoing document was mailed
            this _____ (month, day, year) to:
            Name:     _____
            Address:_____
                        Attorney for Defendant(s)

            _____
            (Signature)

9.  <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  Injury.  State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

### Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

### Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

## B.  DEFENDANTS

1.    Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
(Position and Title)                                                         (Institution)

2.    Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                                         (Institution)

3.    Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
(Position and Title)                                                         (Institution)

4.    Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
(Position and Title)                                                         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.    If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number: _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.   Second prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number: _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.   Third prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number: _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies:**
     a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                    ☐ Yes     ☐ No
     b.    Did you submit a request for administrative relief on Count I?     ☐ Yes     ☐ No
     c.    Did you appeal your request for relief on Count I to the highest level?     ☐ Yes     ☐ No
     d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____ .

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____ .

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.  **Administrative Remedies.**
a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution? ☐ Yes ☐ No
b.  Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No
c.  Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No
d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____ .

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities       ☐ Mail       ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?     ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?   ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                DATE                                                SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.