WO

KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela, | No. CV 19-05162-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Jason Monson, et al., | |
| Defendants. | |

Plaintiff Melinda Gabriella Valenzuela[1] is confined in the Arizona State Prison Complex-Florence. In an April 8, 2020 Order, the Court, among other things, dismissed the Second Amended Complaint with leave to amend and gave Plaintiff 30 days to file a third amended complaint.

On April 9, 2020, Plaintiff filed a Motion for Extension of Time, which the Court granted in a May 19, 2020 Order. On May 18, 2020, Plaintiff filed a Third Amended Complaint (Doc. 45). However, the Third Amended Complaint was not docketed until May 19, 2020, and the Court was not aware of the Third Amended Complaint when it issued its May 19, 2020 Order.

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover. Plaintiff is housed in a facility for male prisoners, but uses feminine pronouns to reference herself.

TERMPSREF

On June 9, 2020, Plaintiff filed a Notice of Interlocutory Appeal to the Ninth Circuit Court of Appeals, apparently believing this action had been dismissed. This action has not been dismissed and the Court will screen the Third Amended Complaint. Plaintiff has also filed a Motion for Leave to File Motion for Injunction (Doc. 46) and a proposed Motion for Injunction (Doc. 47), and a Motion to Seal Grievances (Doc. 50). The Court will resolve the Motions as discussed below.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     Third Amended Complaint

Plaintiff names 37 Defendants in her three-count Third Amended Complaint and seeks injunctive relief and money damages.

In Count One, Plaintiff alleges Defendants Monson, Evans, Jensen, and Jensen, and Deputy Warden VanWinkle,[2] "knew personally she was sexually and physically assaulted and did nothing to protect her from harm." Plaintiff asserts she reported multiple sexual assaults "directly [and] personally" to Defendants Monson, Evans, Jensen, and Coleman, but these Defendants "did not do anything about the assaults at all." Plaintiff states the assaults occurred on June 23, July 13, and August 10, 2019, "and multiple other dates." Plaintiff asserts she personally "spoke to and wrote" to Defendants Monson, Evans, and Jensen, and they did not respond. Plaintiff further claims she was "sexually assaulted harassed" by Defendants Miller, Medley, Rodriguez, Jensen, and Evans, but Defendant Monson "did not take action on it nor did he prevent it from happening or protect her."

In Count Two, Plaintiff alleges the Director of the Arizona Department of Corrections, non-parties VanWinkle and Hebert, and Defendants Monson, Jensen, and Barnes, "failed to protect her when she personally told them she was assaulted [and] threatened." Plaintiff claims that from "April 2018 to present[] day of filing, Plaintiff personally told" Defendants Monson, Jensen, Barnes, Gurrola, Suckle, Coleman, Renault, Repp, Kelly, and Ordaz that she "was threatened with bodily harm" by other inmates. Plaintiff asserts Defendants Monson, Jensen "were told [other inmates] sexually assaulted

---

[2] Although Plaintiff refers to Deputy Warden VanWinkle and Officer Hebert throughout the Third Amended Complaint, VanWinkle and Hebert have not been listed as Defendants in this action since Plaintiff's original Complaint. Because Plaintiff has not listed VanWinkle or Hebert as Defendants in any of her amendments, the Court will not consider VanWinkle or Hebert as a parties to this action.

her and she told them directly, but Defendant Monson, "did not get her care or treatment they let the assaults take place and didn't protect her." Plaintiff states she has been assaulted multiple times "and the last year every month and daily every day she is assaulted by the listed people." Plaintiff states she constantly fears for her safety.

In Count Three, Plaintiff alleges she was sexually assaulted by staff, but Defendant Monson, "did not protect her from the assault." Plaintiff claims that "from July 2016 to present, Plaintiff has been assaulted by Defendants Goodman, Miller, Jones, Chavez, Lewis, Velasquez, Castillo, Leyva, Moses, Galvan, Pascarelli, Ordaz, Kelly, Castro, Repp, Medley, Gurrola, Renault, Suckle, Jensen, and Evans, and others. Plaintiff asserts "these staff sexually assaulted her personally in 2019 October to present and when she asked for a rape kit [and] proper protection" Defendants Jensen and Evans "did not protect her they allowed her to be assaulted every day in July 2018 to April 2019."

### III. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated Eighth Amendment claims in Count One against Defendants Monson, Evans, Jensen, and Coleman for failure to protect Plaintiff from assaults by other inmates. The Court will require Defendants Monson, Evans, Jensen, and Coleman to answer this portion of Count One.

### IV. Failure to State a Claim

#### A. Count Two

Plaintiff's claims in Count Two are less detailed than, and largely duplicative of, the better-pleaded claims in Count One. Accordingly, the Court will dismiss without prejudice Count Two.

#### B. Sexual Assault Claims – Counts One and Three

In Counts One and Three, Plaintiff alleges she was sexually assaulted by large numbers of ADC staff. The Court finds her claims implausible in light of the lack of factual detail and her significant history of filing unsubstantiated sexual assault claims in this

Court.[3] Accordingly, the Court will dismiss the sexual assault claims in Counts One and Three.

**V.    Motions**

In her Motion for Leave to file Motion for Injunction, Plaintiff asks to file a Motion for Injunction. In her Motion for Injunction, Plaintiff seeks an order requiring her transfer to a protective segregation unit. Plaintiff states that she is transgendered, has suffered multiple assaults by other inmates, is likely to suffer irreparable harm in the absence of an injunction, and is likely to succeed on the merits of her underlying claims. The Court will grant the Motion to File and direct the Clerk of Court to file the Motion for Injunction. The Court will require Defendants to answer the Motion for Injunction.

In her Motion to Seal Grievances, Plaintiff asks to file, under seal, copies of grievances and responses related to her sexual assault claims. The Court will grant the Motion and direct the Clerk of Court to file the lodged documents under seal.[4]

. . . .

---

[3] *See* CV 02-02385-PHX-JAT (DKD); CV 02-02166-PHX-JAT (DKD); CV 03-00371-PHX-JAT (DKD); CV 02-02007-PHX-JAT (DKD); CV 03-01479-PHX-JAT (DKD); CV 05-01092-PHX-JAT (DKD); CV 07-00207-PHX-JAT (DKD); CV 08-01773-PHX-NVW (MHB); CV 09-01832-PHX-NVW (MHB); CV 09-02544-PHX-NVW (MHB); CV 09-01427-PHX-NVW (MHB); CV 09-01833-PHX-NVW (MHB); CV 10-02721-PHX-NVW (MHB); CV 11-02403-PHX-NVW (MHB); CV 15-00158-PHX-NVW (MHB); CV 15-00722-PHX-NVW (MHB); CV 16-00683-PHX-NVW (MHB); CV 17-01582-PHX-DLR (MHB); CV 17-02089-PHX-DLR (MHB); and CV 17-02716-PHX-DLR (MHB).

In CV 09-1832-PHX-NVW (MHB), the Court granted summary judgment for Defendants because Defendants presented evidence demonstrating that they investigated each alleged incident of rape reported by Plaintiff, found each claim to be unsubstantiated, and submitted records of medical examinations showing that Plaintiff did not suffer any of the injuries alleged in her Complaint. More importantly, Plaintiff herself acknowledged in writing that her allegations were false. *See* Doc. 114 in CV 09-1832, at 6-7.

In CV 09-2544-PHX-NVW (MHB), the Court granted summary judgment for Defendants after finding that Plaintiff knowingly and willfully submitted a false affidavit in support of her claim that she was raped. *See* Doc. 76 in CV 09-2544.

In CV 15-00158-PHX-NVW, the case proceeded to trial, after which the jury found against Plaintiff and in favor of Defendants.

[4] The Court has reviewed the documents as part of its consideration of Plaintiff's sexual assault claims. The grievances make the same type of factually vague sexual assault claims and do not alter the Court's decision to dismiss the sexual assault allegations.

**VI. Warnings**

    **A. Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of her filing fee within 120 days of her release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

    **B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Seal Grievances (Doc. 50) is **granted**. The Clerk of Court **must file** the lodged Exhibits (Doc. 51).

(2) Defendants Monson, Evans, Jensen, and Coleman must answer Count One, as described above.

(3) All remaining Defendants are **dismissed without prejudice**.

(4) The sexual assault claims in Count One, and Counts Two and Three of the Third Amended Complaint are **dismissed** without prejudice.

(5) Plaintiff's Motion for Leave to File Injunction (Doc. 46) is **granted**. The Clerk of Court **must file** lodged Motion for Injunction (Doc. 47).

(6) Within **21 days** of being served with the Third Amended Complaint and Motion for Injunction, Defendants must file a **response** to Plaintiff's Motion for Injunction. Plaintiff may file a **reply** within **10 days** of Defendants' response.

(7) The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (Doc. 45), this Order, the Motion for Injunction (Doc. 47), and both summons and request for waiver forms for Defendants Monson, Evans, Jensen, and Coleman.

(8) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(10) The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, a copy of the Motion for Injunction, and a copy of this Order for future use.

(11) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(12) A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(13) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Third Amended Complaint, Motion for Injunction, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, Motion for Injunction, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(14) Defendants Monson, Evans, Jensen, and Coleman must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

(15)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(16)   This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(17)   The Clerk of Court must forward a copy of this Order to the Ninth Circuit Court of Appeals and must indicate that this Order relates to the Ninth Circuit Court of Appeals' docket number 20-16150.

Dated this 29th day of June, 2020.

Michael T. Liburdi
United States District Judge